09-1670-cr
United States v. Grant

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
        GERARD E. LYNCH,
                <u>Circuit Judge</u>,
        JANE A. RESTANI,[*]
                <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

      <u>Appellee</u>,

      -v.-                              09-1670-cr

RICHARD A. GRANT,

      <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:   Colleen P. Cassidy, Federal

---

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

Defenders of New York, Inc., New York, NY.

**APPEARING FOR APPELLEE:** Carrie H. Cohen (Michael Bosworth, <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the matter is **REMANDED** to the district court for clarification of the Findings of Fact.

Defendant-appellant Richard A. Grant appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (McMahon, <u>J.</u>). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In part, Grant's appeal challenges the district court's denial of a motion to suppress physical evidence seized from his apartment, and his post-arrest oral and written statements. "The standard of review for evaluating the district court's ruling on a suppression motion is clear error as to the district court's factual findings, viewing the evidence in the light most favorable to the government, and <u>de novo</u> as to questions of law." <u>United States v. Rodriguez</u>, 356 F.3d 254, 257 (2d Cir. 2004).

Grant argues that, on the basis of the relevant Findings of Fact, the district court could not, as a matter of law, determine that the police officers had Grant's implied consent to enter his apartment. "The government has the burden of proving consent voluntarily given by a preponderance of the evidence." <u>United States v. Calvente</u>, 722 F.2d 1019, 1023 (2d Cir. 1983). "[I]t is well settled that consent may be inferred from an individual's words, gestures, or conduct. Thus a search may be lawful even if

the person giving consent does not recite the talismanic phrase: 'You have my permission to search.'" United States v. Buettner-Janusch, 646 F.2d 759, 764 (2d Cir. 1981) (internal citation omitted). "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness--what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Florida v. Jimeno, 500 U.S. 248, 251 (1991). In evaluating a person's words, gestures, or conduct under the objective reasonableness standard, "the totality of the circumstances [] must be considered." United States v. Garcia, 56 F.3d 418, 423 (2d Cir. 1995).

To enter Grant's apartment, the police had to pass first through the outer door of the building, into the lobby or hallway leading to the apartment. It is not altogether clear from the Findings of Fact whether the police were standing inside (or outside) the outer door when they asked to talk with Grant and he turned away toward his apartment. That uncertainty may have bearing on the analysis and the scope of any appellate ruling. Accordingly, we respectfully request that the district court answer the following question within thirty days of the issuance of the mandate, if practicable: Were the police officers outside the outer door of Grant's building when they identified themselves and asked to speak with Grant?

The district court found the following facts with respect to the police entry:

> 12. The officers testified that Grant came to the door after they rang the bell. Grant testified that he never left his apartment, and that when he opened his door to look out and see who was at the door, the officers were already in the hallway in front of his apartment. I credit the officers' testimony that Grant let them into the building.

> 13. Sgt. Murphy identified the officers to Grant as police and told him that they wanted to talk to him.

> 14. Grant turned from the front door and walked

away from the officers toward his apartment. The officers followed him down the hall. Grant neither invited the officers to follow him nor did he physically impede the officers from following him.

15. None of the officers spoke to Grant as they followed him down the hall, and Grant did not speak to the officers.

16. Grant walked into his apartment. The officers followed him in. Grant neither invited the officers to follow him into the apartment nor physically impeded the officers from following him into the apartment.

17. Grant never told the officers in words that they could enter his apartment.

If the sequence of these Findings of Fact tracks the chronology of events, it would seem that the police officers already had entered the common area of the building at the time of their identification and request to speak. On the other hand, the district court's Conclusions of Law seem to indicate that the police officers remained outside the outer door of the building when they identified themselves and requested to speak with Grant:

I have concluded from the evidence adduced at the hearing that Grant met the officers at the front door of the building, the officers identified themselves, Sgt. Murphy told defendant that they (the police) wanted to talk to him, Grant admitted the officers into the building, then turned around and walked ahead of them into his apartment.

**Our question can be briefly answered, but any supplemental findings, observations, and conclusions (bearing upon the entry of the police to the building and the apartment) would be welcome and may be helpful.**

Pursuant to the procedure outlined in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), we hereby remand the case to the district court for the limited purpose of

4

resolving this ambiguity, and we instruct the Clerk of the Court to issue the mandate forthwith. Within ten days of the district court's filing of its written answer to this inquiry, either party to the proceedings may restore the case to this panel by giving notice to the Clerk of the Court. See id.

The matter is hereby **REMANDED** to the district court for a response to this Court's inquiry.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK